UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Konvin Associates, L.P.,<br><br>    Plaintiff,<br><br>v.<br><br>Duo-Gard Industries, Inc.,<br><br>    Defendant. | Case No. 1:15-cv-2058<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Konvin Associates, L.P. ("Konvin"), by and through its undersigned counsel, complains against defendant, Duo-Gard Industries, Inc. ("Duo-Gard"), and for its Complaint alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement against Duo-Gard for its infringement of U.S. Patent No. 6,164,024 ("the '024 Patent").

### PARTIES

2. Konvin is a limited partnership organized and existing under the laws of the State of Illinois with its principal place of business at 28662 N. Ballard Drive, Lake Forest, IL 60045.

3. On information and belief, Duo-Gard is a corporation organized under the laws of the State of Michigan with its principal place of business at 40442 Koppernick Road, Canton, MI 48187.

## **JURISDICTION AND VENUE**

4.     This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 et seq., and in particular, 35 U.S.C. §§ 271 and 281-285.

5.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Duo-Gard because, *inter alia,* Duo-Gard transacts business within this Judicial District, has committed acts of infringement in and from this Judicial District, and continues to commit acts of infringement in and from this District.

7.     This Court also has personal jurisdiction over Duo-Gard because, on information and belief, Duo-Gard Sales Manager Blake Pavelich ("Pavelich"), transacts business and has committed acts of infringement on behalf of Duo-Gard out of his residence in Gurnee, Illinois, in this District.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Duo-Gard has committed acts of infringement in and from this District, and continues to commit acts of infringement in and from this District.

9.     Venue is also proper in this District because Duo-Gard has a place of business in this District.

## FACTUAL BACKGROUND

### The Patented Technology

10. The patented technology relates to high performance light transmissive glazing panel systems for overhead roof installations that are subject to high wind load test requirements.

11. The light transmissive glazing panel systems and the retention clips of the '024 Patent make it possible to meet these wind load test requirements.

12. Konvin conceived of and reduced to practice these high performance light transmissive glazing panel systems for overhead roof constructions in order to meet such high wind load testing requirements and thereby improve the safety and reliability of the overhead roof constructions.

13. Claims of the '024 Patent are directed to glazing panel systems including glazing panels with upstanding seam flanges, joining connectors fitted over the seam flanges, and retention clips having a base, central web and top flange for securing the glazing panels. Claims of the '024 Patent are also directed to the retaining clips themselves.

14. The '024 Patent entitled "ARCHITECTURAL GLAZING PANEL SYSTEM AND RETAINING CLIP THEREFOR" was duly and legally issued on December 26, 2000, naming Moshe Konstantin as inventor. A true and correct copy of the '024 Patent is attached as Exhibit A.

15. Konvin is the assignee of all right, title and interest in and to the '024 Patent, and holds the right to sue and recover for past, present and future infringement thereof.

16. Konvin currently licenses the patented technology to an exclusive licensee.

17. Konvin's exclusive licensee has installed light transmissive glazing panel systems employing the patented technology in overhead roof constructions in numerous locations in the United States and throughout the world.

## Duo-Gard's Use of the Patented Technology

18. Duo-Gard incorporates Konvin's patented glazing panel system and retention clip technology in its Series 2500 product illustrated in Duo-Gard's Translucent Canopies advertising literature (Exhibit B) which shows a glazing panel assembly including upstanding seam battens, joining connectors fitted over the batten seams and retention clips.

19. The Series 2500 product appears in Section "C" of Duo-Gard's online published Series 2500 BPC 20MM Sloped Batten 6 Wall Panel drawing (Exhibit C).

20. On information and belief, Duo-Gard manufactures and/or sells glazing panel assemblies other than its Series 2500 product that include upstanding seam battens, joining connectors fitted over the batten seams and retention clips.

4

21. On information and belief, Duo-Gard has made, used, offered for sale, and/or sold its Series 2500 product and other infringing products in Illinois and throughout the United States.

22. On information and belief, Duo-Gard continues to make, use, offer for sale, license, and/or sell its Series 2500 product and other infringing products in Illinois and throughout the United States.

23. Duo-Gard has offered for sale, and/or sold its Series 2500 product to Pinto Construction Group ("Pinto") of Palos Hills, Illinois for constructing roof structures in the Chicago Transit Authority Wilson Station Reconstruction Project underway at 4520 North Broadway, Chicago, Illinois that meet the stringent wind load testing requirements of the Reconstruction Project.

24. On information and belief, Duo-Gard has had knowledge of the '024 patent for more than six years by virtue of its knowledge of now concluded patent infringement litigation between Konvin and Extech Technologies, Inc.

25. Duo-Gard has actual and constructive knowledge of the '024 Patent by virtue of its employment of Pavelich who learned of Konvin's high-performance light transmissive glazing panel systems and the '024 Patent well before his employment by Duo-Gard.

26. Pavelich was informed of the '024 patent by Konvin's licensee before his employment by Duo-Gard and thereby gained detailed personal knowledge regarding light transmissive glazing panel systems installed by Konvin's licensee in overhead roof constructions to meet high wind load testing requirements.

27. Pavelich was informed of the importance of the retention clips of the '024 patent in meeting glazing panel system wind load test requirements by Konvin's licensee before his employment by Duo-Gard.

28. Pavelich was trained in the technology of the '024 patent by Konvin's licensee before his employment by Duo-Gard.

29. On information and belief, notwithstanding its knowledge of the '024 Patent, Duo-Gard continued to willfully supply, provide instructions relating to, and configure glazing panel systems for Pinto and others knowing that such parties' use of the glazing panel systems would infringe the '024 Patent.

30. On information and belief, after adopting the features claimed in the '024 Patent, Duo-Gard's market share grew.

31. On information and belief, after adopting the features claimed in the '024 Patent , Duo-Gard's revenues increased.

**CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 6,164,024**

32. Konvin incorporates by reference the allegations contained in paragraphs 1-31 above as if fully set forth herein.

33. On information and belief, in the United States, Duo-Gard directly infringed, and continues to directly infringe, at least claim 1 of the '024 Patent by making, using, selling or offering for sale products including its Series 2500 product throughout the United States. Duo-Gard is liable for its infringement of the '024 Patent in violation of 35 U.S.C. § 271.

6

34. On information and belief, Duo-Gard is further liable as an active inducer of infringement of the '024 Patent in violation of 35 U.S.C. § 271 by knowingly taking active steps to encourage and facilitate direct infringement by others, including Pinto, who construct overhead roof constructions incorporating Konvin's patented technology.

35. On information and belief, Duo-Gard is a contributory infringer of the '024 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering for sale within the United States components that embody a material part of the invention described and claimed in the '024 Patent, and that are known by Duo-Gard to be specially made or specially adapted for use in the infringement of at least claim 1 of the '024 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

36. Konvin has been damaged by Duo-Gard's infringement, and will continue to be damaged by Duo-Gard's infringement of the '024 Patent, and therefore is entitled to recover damages from Duo-Gard to compensate it for the infringement.

37. Pursuant to 35 U.S.C. § 284, Konvin is entitled to damages adequate to compensate it for the infringements but in no event less than a reasonable royalty.

38. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Konvin is entitled to an award of attorneys' fees.

39. On information and belief, Duo-Gard's direct infringement, contributory infringement, and inducement of infringement is and has been both willful and deliberate.

40. Duo-Gard has caused and will continue to cause Konvin irreparable injury and damage by infringing the '024 Patent. Konvin will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Duo-Gard is enjoined from infringing the '024 Patent.

## **JURY TRIAL DEMAND**

41. Pursuant to Federal Rule of Civil Procedure 38, Konvin hereby demands a jury trial on all issues triable before a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Konvin prays for the following relief:

42. Pursuant to 35 U.S.C. § 271, a Judgment that Duo-Gard currently infringes and has infringed in the past claims of the '024 Patent;

43. Pursuant to 35 U.S.C. § 284, compensatory damages, past and future, amounting to no less than reasonable royalties and/or lost profits, prejudgment interest, and/or any other available damages based on any form of recoverable economic injury sustained by Konvin as a result of Duo-Gard's infringement;

44. Pursuant to 35 U.S.C. § 283, preliminary and permanent injunctive relief barring Duo-Gard from infringing the '024 Patent.

45. Pursuant to 35 U.S.C. § 285, an award of Konvin's costs and attorneys' fees incurred in this action;

46. Pursuant to 35 U.S.C. § 285, in the event that permanent injunctive relief is not awarded, then alternative equitable relief in the form of at least a continuing royalty with rights to periodic accountings;

47. Pursuant to 35 U.S.C. § 285, a finding that this case is exceptional; and

48. For such other and further relief as this Court deems just and proper.

Dated: March 9, 2015                                    **DRINKER BIDDLE & REATH LLP**

                                                                __s/ Barry W. Sufrin_____
                                                     Barry W. Sufrin (ARDC No. 2765314)
                                                     Carrie A. Beyer (ARDC No. 6282524)
                                                     191 N. Wacker Drive, Suite 3700
                                                     Chicago, IL 60606
                                                     Telephone: (312) 569-1000
                                                     Facsimile: (312) 569-3000
                                                     Barry.Sufrin@dbr.com
                                                     Carrie.Beyer@dbr.com

                                                     *Attorneys for Plaintiff,*
                                                     *Konvin Associates, L.P.*